UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. MELTON, | Case No. EDCV 16-01608-DSF (DTB) |
| Plaintiff, | ORDER TO SHOW CAUSE |
| vs. | |
| COUNTY OF RIVERSIDE, et al., | |
| Defendants. | |

Plaintiff currently is incarcerated at Valley State Prison in Chowchilla, California. On July 22, 2016, he filed a pro se civil rights action after being granted leave to proceed without the prepayment of full filing fee. The gravamen of plaintiff's claims arise from allegations relating to the conditions at two Riverside County Detention Centers. (Complaint, Attachment A ["Comp. Att."] at 2.) Specifically, plaintiff alleges that the plumbing and sewage systems at the Robert Presley Detention Center and the South West Detention Center consistently flood cells with raw sewage. (Id.) Plaintiff further alleges that he was confined to a cell in which human waste would emerge from the toilet nearly every time the toilet in the adjoining cell was flushed, spilling over the rim of the toilet onto the cell floor and walls, creating an unsanitary condition. (Id.) Plaintiff also alleges that he has been

denied cleaning supplies to clean his cell of the human waste, using his personal items, *i.e.* shampoo and towel, to mop the floor. (Comp. Att. at 2-3.) As a result of the unsanitary conditions, plaintiff alleges that he has suffered no injuries. (Comp. Att. at 7.)

The Complaint purported to be brought pursuant to 42 U.S.C. § 1983. Named as defendants in the Complaint are Riverside County Sheriff Stan Sniff ("Sniff") and Undersheriff William Di Yorio ("Yorio"); the County of Riverside ("County"); and Riverside County Board of Supervisors Kevin Jefferies ("Jefferies"), Marion Ashley ("Ashley"), John Tavaglione ("Tavaglione"), Jeff Stone ("Stone"), and John Benoit ("Benoit"). All of the individual defendants are named only in their individual capacities.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

On August 4, 2016, the Court ordered service of the Complaint on only defendants Sniff and Yorio. Plaintiff's Notice of Submission of Documents to the United States Marshal was due on or before September 5, 2016.

Plaintiff has failed to file his Notice of Submission of Documents within the allotted time, nor has he requested an extension of time within which to do so. Accordingly, on or before **October 26, 2016**, plaintiff is ORDERED to show good

/ / /
/ / /
/ / /
/ / /
/ / /

cause in writing, if any exists, why plaintiff has not filed his Notice of Submission of Documents. Plaintiff is forewarned that, if he fails to show cause, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as further evidence of plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss this action in its entirety.

DATED: October 5, 2016

_____
DAVID T. BRISTOW
United States Magistrate Judge